SECURITY STATE BANK OF HAVRE, APPELLANT, *v.*
MARIETTE, RESPONDENT.

(No. 5,397.)

(Submitted January 12, 1924.  Decided February 8, 1924.)

[223 Pac. 114.]

*Chattel Mortgages — After-acquired Property — Foreclosure —*
*Complaint*

Chattel Mortgages—Subsequently Acquired Property Mortgageable.
1.  Subsequently to be acquired personal property may be mortgaged,
provided it is such as is capable of delivery, and such as may be
taken possession of by the mortgagee upon its acquisition by the
mortgagor.

Same — Livestock — After-acquired Property — Foreclosure — Complaint
—Necessary Allegation.
2.  To entitle the mortgagee of livestock to a decree of foreclosure
covering a greater number of animals than that specifically men-
tioned in the mortgage, under a provision thereof that it should in-
clude all property of like kind thereafter acquired by the mortgagor
by increase, purchase or exchange, it was incumbent upon him to
allege and prove the acquisition of additional animals by the mort-
gagor, and in the absence of such allegation and proof the number
given in the mortgage was controlling.

*Appeal from District Court, Hill County; C. D. Borton,*
*Judge.*

ACTION by the Security State Bank of Havre against Eliza-
beth Mariette.  Plaintiff appeals from the judgment.  Af-
firmed.

*Mr. H. S. Kline* and *Mr. E. B. Elwell,* for Appellant sub-
mitted a brief; *Mr. Elwell* argued the cause orally.

*Mr. Victor R. Griggs,* for Respondent, submitted a brief and
argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

The complaint filed herein states a cause of action for the
foreclosure of a chattel mortgage which was executed by the

2.  Increase of mortgaged animals as included under chattel mortgage,
see notes in 13 **Ann. Cas.** 100; Ann. Cas. 1917C, 1173.

defendant on certain horses, described therein, as security for
the payment of defendant's promissory note for the principal
sum of $746, dated May 14, 1921, payable six months after
date, with interest at the rate of ten per cent per annum, and
reasonable attorney's fees in case of suit; the mortgaged prop-
erty as described in the mortgage being as follows: "Forty
head of horses, both sexes, various ages, colors, weights and
sizes, all branded UN on the right shoulder, said property
above described being all of the property of the kind described
owned by the mortgagor at the time of making this mortgage;
and this mortgage includes also all property of like kind here-
after and during the life of this mortgage, acquired by the
mortgagor by either increase or purchase or by exchange or
substitution for property herein described."

The defendant by answer admitted the allegations of plain-
tiff's complaint including the execution of the note and mort-
gage, but denied that the mortgage given to the plaintiff
covered more than forty head of horses, or that the reasonable
value of the horses is $900, alleging the value thereof to be
$5,000. Affirmatively and by way of counterclaim the de-
fendant alleges the wrongful conversion by the plaintiff of
thirty-nine head of work horses branded UN on the right
shoulder, to her damage in the sum of $2,000 for which judg-
ment is prayed. Issue was joined by reply, and the case was
tried to a jury, at the conclusion of which defendant's counsel
moved the court to give judgment to the plaintiff "for the
possession of forty head of horses or for the sum of $900."
The court ruled thereon as follows: "Let the record show that
judgment is entered for the plaintiff for the possession of
forty head of UN horses, or, in the event of failure to obtain
such possession, in the sum of $900." Judgment was entered
accordingly, wherein it is recited in findings of fact made that
on or about the fourteenth day of May, 1921, the defendant,
Elizabeth Mariette, in order to secure the payment of her
promissory note with interest, executed, duly acknowledged
and delivered to the plaintiff her chattel mortgage in writing,

wherein and whereby she mortgaged to the plaintiff the property described in the mortgage as above set forth. Further it was found by the court that no part of the note or indebtedness described by the mortgage has been paid, and that the plaintiff is still the owner and holder thereof, and that the plaintiff holds and at all the times mentioned has held a lien on the mortgaged property, and ever since the fourteenth day of November, 1921, has been and now is entitled to the immediate possession thereof, and that the reasonable value of the property is $950. It is recited in the judgment as a conclusion of law that the plaintiff is entitled to judgment and to "recover from the defendant, Elizabeth Mariette, the possession of forty head of horses, both sexes, various ages, colors, weights and sizes, all branded UN on right shoulder, being part of the property described in the complaint herein, or in case the possession of said property is not delivered to the plaintiff, that the plaintiff recover from the defendant, the sum of $900, the value thereof." Accordingly judgment was entered that the plaintiff recover from the defendant the possession of forty horses described, or in case the possession thereof is not delivered to the plaintiff "that the plaintiff recover from the defendant the sum of $900, the value thereof, together with plaintiff's costs and disbursements." The appeal is from the judgment.

From the transcript it appears that the plaintiff presented its case on the theory that the action was one for the foreclosure of its mortgage, and that the court without objection by either party treated the action as one in claim and delivery, and excluded proof regarding the number of horses alleged to have been converted as averred by the defendant in her counterclaim. On appeal counsel for the respective parties briefed the case on the theory that it is one in claim and. delivery, and no objection is raised respecting the form of the judgment rendered in the cause, so that we accept it as we find it in the record.

The four errors assigned present but one question, namely: Whether the plaintiff is entitled to recover judgment for more than forty horses.

By the statute it is provided: "Any interest in personal [1] property which is capable of being transferred may be mortgaged." (Sec. 8275, Rev. Codes, 1921.) And further that "An agreement may be made to create a lien upon property not yet acquired by the party agreeing to give the lien, or not yet in existence. In such case the lien agreed for attaches from the time when the party agreeing to give it acquires an interest in the thing, to the extent of such interest." (*Id.*, sec. 8227.) So that clearly a lien was possible of creation upon subsequently acquired property of the character mortgaged, but, as well said by Mr. Chief Justice Callaway, speaking for this court in *Hackney* v. *Birely*, 67 Mont. 155, 215 Pac. 642, in discussing the statutory provisions above set forth: "As to 'property not yet acquired by the party agreeing to give the lien,' the necessary implication is that it must be property capable of delivery, and such as may be taken possession of by the mortgagee upon its acquisition by the mortgagor."

Plaintiff's complaint in its averments fails to allege that [2] defendant acquired any property by increase, purchase, exchange, substitution or otherwise, subsequent to the execution of the mortgage proper to be included in its lien, and there was no proof offered or attempted to be submitted on the subject, so that there was nothing before the court to justify conclusion that the mortgage covered more than forty horses. In order to hold subsequently acquired property claimed by virtue of the mortgage, the plaintiff must assume the burden of alleging and proving its existence, at least potentially, and in the absence thereof the court is not justified in decreeing the right of the mortgagee to a greater number than is stated in the mortgage. In this instance it must be held that the mortgage itself is controlling as to the number of horses, in the absence of allegation and proof that more existed at the

date the action was commenced, acquired by the mortgagor by increase, purchase, exchange or substitution. There was no proof submitted as to the value of the horses, but, as the defendant claimed in her answer that they were worth, $5,000 instead of $950, as alleged by the plaintiff, this amounts to an admission justifying the court's conclusion that they are reasonably worth $900. Therefore, on the court's theory of the action, it could not give judgment for the delivery of a greater number than forty head.

We cannot see where plaintiff has cause to complain, for if the forty head of horses decreed to it are reasonably worth $900, it has been awarded possession of more than enough property to satisfy its demand. If this property is not sufficient, it has a right to a deficiency judgment for the deficit; and, were the property to bring more on sale than the amount due the plaintiff on its note and mortgage the latter would be accountable to the defendant for the difference.

The pleadings and proof are in such condition that we cannot do otherwise than affirm the judgment, and it is so ordered.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Cooper, Holloway and Stark concur.